# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE LYNN and BELINDA DARNELL, on behalf of themselves and all similarly situated employees, | Civil Action No. _____ |
| *Plaintiffs*, | INDIVIDUAL AND CLASS AND COLLECTIVE-ACTION COMPLAINT |
| v. | |
| ARC OF FAYETTE COUNTY | Jury Trial Demanded |
| *Defendant*. | Electronically Filed |

## INDIVIDUAL AND CLASS AND COLLECTIVE/CLASS ACTION COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1. This is a collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, to recover damages for non-payment of statutorily required wages.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claim, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Fayette County, Pennsylvania, where Plaintiffs live and worked for Defendant, This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4. Plaintiff Jesse Lynn resides at 423 Greenfield Road, Vanderbilt, Fayette County, Pennsylvania. Plaintiff Jesse Lynn worked for Defendant ARC of Fayette County from on or around July 1, 2004 until on or around March 30, 2017

5. Plaintiff Belinda Darnell resides at 423 Greenfield Road, Vanderbilt, Fayette County, Pennsylvania. Plaintiff Belinda Darnell worked for Defendant ARC of Fayette County from in or around 2005 to on and around March 31, 2017.

6. Defendant ARC of Fayette County provides services to disabled and elderly persons in Fayette County Pennsylvania. Defendant maintains its headquarters at 80 Old New Salem Road, Uniontown, Fayette County, Pennsylvania.

7. At all relevant times Defendant has been an enterprise engaged in activities affecting interstate commerce, pursuant to 29 U.S.C §202 of the Fair Labor Standards Act.

8. Defendant regularly employed individuals in the state of Pennsylvania, including Plaintiffs, in the performance of work on behalf of Defendant and its clients.

## Statement of Claims

9. Defendant employed Plaintiff Jesse Lynn in the position of Family Support Person in its Home Supports Programs, providing "Home and Community" services, from on or about July 1, 2004. Plaintiff held that position until March 30, 2017.

10. Defendant employed Plaintiff Belinda Darnell in the position of Family Support Person in its Home Support Programs from in or about 2004, and Plaintiff held that position until March 31, 2017.

11. Defendant's clients in its Home Supports Programs include individuals with disabilities affecting their ability to function to various degrees in their daily activities.

12. As Family Support Persons, Plaintiffs were assigned to Defendant's "Home and Community" activities of Defendant's Home Support Programs to provide direct care and support services to individuals with developmental disabilities in their homes and in community settings.

13. Plaintiffs traveled to clients' homes to perform their duties.

14. When not performing duties at the clients' homes, or traveling back and forth to the clients, Plaintiffs performed work from their home in Vanderbilt, Pennsylvania.

15. Plaintiff Jesse Lynn, prior to September 1, 2014, was paid $11 per hour as an "employee" with all payments subject to withholdings applicable to wages.

16. On or about September 1, 2014, Defendant raised Plaintiff Jesse Lynn's hourly rate to $14 an hour for all his hours worked, and declared him to be a "Family Support Person - Contracted". No withholdings were taken from his wages from September 1, 2014 forward.

17. That arrangement persisted until Plaintiff Jesse Lynn left the job.

18. Plaintiff Jesse Lynn regularly worked in excess of 40 hours in many workweeks.

19. Defendant paid no overtime premium to Plaintiff Jesse Lynn for hours worked over 40 hours in a week.

20. Additionally, Defendant did not pay Plaintiff Jesse Lynn for all the hours he worked in many workweeks.

21. During the period extending from on or about July 1, 2004 to March 30, 2017, Plaintiff Jesse Lynn prepared and submitted time sheets and reports on a semi-monthly basis which indicated that he worked more than 40 hours in many workweeks. The timesheets

did not include all the time that he worked.

22. Defendant did not instruct Plaintiff Jesse Lynn as to what duties he performed and what hours he worked were compensable and to be recorded.

23. Plaintiff Belinda Darnell was employed by Defendant as a Family Support Person in Defendant's Home Service Supports Programs providing "Companionship", "Home and Community Services", and "Respite" services to Defendant's clients.

24. From on or about 2006, to March 31, 2017, Plaintiff Belinda Darnell only provided "Companionship" and "Respite" services to clients.

25. From on or about 2006 to March 31, 2017, Plaintiff Belinda Darnell was paid a flat rate per day to provide "Companionship" services. Her final day rate was $60 per day for 5 days worked of 7 hours each or 35 hours a week.

26. From on or about 2006 to March 31, 2017 Plaintiff Belinda Darnell was paid a flat rate of $90 per day for a 24 hour workday, on 28 days in each year for providing "Respite" services to Defendant's clients. These hours were in addition to the hours spent in providing "Companionship" services

27. In 28 weeks in each year from on or about 2006 to on or about June 30, 2016, Plaintiff Belinda Darnell worked a total of 59 hours a week and was paid no overtime compensation for hours worked over 40 in those workweeks.

28. Beginning on or about July 1, 2016 until March 31, 2017, Plaintiff Belinda Darnell assumed the tasks of providing "Home and Community" services to Defendant's clients and was paid $14 an hour for 16 hours each week for providing such services.

29. During the period on or about July 1, 2016 to March 31, 2017, Plaintiff Belinda Darnell worked a total of 51 hours in each workweek and was paid no overtime compensation for hours worked over 40 in any workweek.

30. During the period from on or about 2006 to March 31, 2017, Plaintiff Belinda Darnell prepared and submitted time sheets and reports on a semimonthly basis which indicated that Plaintiff Belinda Lynn worked more than 40 hours a week in many workweeks. The timesheets did not include all the time she worked.

31. Defendant did not instruct Plaintiff Belinda Darnell as to what duties she performed and what hours she worked were compensable and to be recorded.

32. Defendant required Plaintiffs and all other employees in its Home Services Programs to attend job related training for 30 hours in each year. Those hours were not recorded as work time, or paid.

33. Plaintiffs were not exempt from the payment of the minimum wage or overtime compensation pursuant to any provision of the FLSA or PMWA.

34. Plaintiffs were entitled to be paid for all their hours worked for Defendant.

35. Plaintiffs were entitled to be paid the minimum wages and overtime compensation required by the FLSA and PMWA. 29 U.S.C. §206(a); 29 U.S.C.§207(a); 43 P.S.§104(a); 43 P.S.§43 P.S. 333.104(c).

36. Defendant was aware of all the hours worked by Plaintiffs and failed to keep records of all hours worked as required by the FLSA and PMWA.29 U.S.C. §211(c); 42 P.S.§333.108.

37. Defendant was aware of the requirements of the FLSA and PMWA to pay for all the hours worked by Plaintiffs and did not do so.

38. Defendant changed the status of Plaintiff Jesse Lynn on September 1, 2014, from that of employee to Family Support Person-Contracted to avoid the payment of overtime.

39. Defendant willfully and deliberately violated the FLSA and PMWA.

## Collective/Class Action Averments

41. In the past three years Defendant has employed 70 to 100 individuals in its Home Support Programs.

42. Employees in Defendant's Home Support Programs travel around Fayette County to provide direct care and support services to Defendant's clients with developmental disabilities in a community setting.

43. The employees in Defendant's Home Support Programs provide the services of, "Home and Community," "Rehabilitation," "Companion Services," or "Respite" for Defendant's clients.

44. Home Support Programs employees are paid hourly, by day rates, or a combination of the two, depending on which of the Programs services or combination of Programs services they provide.

45. Employees of Defendant's Home Support Programs regularly work more than forty hours per week.

46. Defendant failed to maintain accurate records of time worked by its employees in its Home Support Programs.

47. As with Plaintiffs, Defendant does not instruct employees of its Home Support Programs to submit time spent preparing timesheets, reports, or time spent in training, for payment.

48. Even in those weeks where Defendant has paid certain employees in its Home Support Programs for some hours worked in excess of 40 hours, as with Plaintiffs, Defendant has paid only at the straight time rate, and no overtime premium.

49. This is a matter of policy.

50. Defendant has not paid the employees in its Home Support Programs for all hours worked in excess of 40 hours in many workweeks.

51. Defendant has not paid employees in its Home Support Programs the proper overtime rate of time-and-one-half the regular rate of pay.

52. In the past three years Defendant has employed 70 to 100 employees in its Home Support Programs.

53. Employees in Defendant's Home Support Programs over the past three years, have been subject to the same policies as Plaintiffs; paid on an hourly basis and/or day rate basis; paid only for those hours that Defendant instructed them to report, regardless of how many hours are actually worked; subject to a time-keeping system that does not provide for the recording of all time actually worked; and, not paid an overtime premium even when overtime hours are worked and submitted, but instead paid at a straight hourly rate.

54. The 70 to 100 employees of Defendant in its Home Support Programs over the past three years have regularly worked overtime; have not been paid proper overtime compensation, and have not been paid for all the hours they worked.

55. Defendant has knowingly and intentionally failed to pay the 70 to 100 employees in its Home Support Programs for their overtime hours either at the straight time rate or proper overtime rate, or non-overtime hours at the applicable straight time rate in overtime weeks.

56. Defendant's failure to pay minimum wages and overtime due to the 70 to 100 employees employed by Defendant in its Home Support Programs over the past three years, and its failure to maintain accurate records of time worked, has been in violation of the FLSA and PMWA.

57. Defendant has knowingly and intentionally violated the FLSA and PMWA, with respect to the failure to pay overtime, failure to pay for all hours worked, and failure to maintain accurate time records.

58. This is a hybrid putative collective/class action pursuant to 29 U.S.C.§216(b), and Pennsylvania Rule of Civil Procedure 1701 *et seq.*

59. The Class consists of all persons who (i) performed work in Defendant's Home Support Programs to provide the services of, "Home and Community," "Rehabilitation," "Companion Services," or "Respite" for Defendant's clients (ii) from the Uniontown location owned, operated, or controlled by Defendant (iii) at any time between April 10, 2014 and April 10, 2017 (the Class Period) (iv) on behalf of Defendant.

60. Members of the Class are so numerous that jointure of all members is impractical, as Plaintiffs estimate that the Class includes up to 70 or more persons.

61. Prosecuting this case as a collective/class action will promote judicial efficiency and will best protect the interests of the Class members because this case presents straightforward questions of law about whether Defendant was required to comply with the minimum wage, overtime, and record keeping provisions of the PMWA and FLSA.

62. There are no conflicts of interest among the Class members, nor do Plaintiffs have any conflicts of interest with any member of the Class.

63. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have retained competent and experienced counsel, and Plaintiffs are motivated to represent the Class.

64. Counsel for Plaintiffs and the Class are experienced in the fields of employment law and class-action litigation and will fairly and competently represent the interests of the Class.

65. Plaintiffs' claims are typical of the Class, as Plaintiffs were "Home and Community," "Rehabilitation," "Companion Services," or "Respite" employees who worked from Defendant's Uniontown location during the Class Period, to include only those employees who should have, but did not, receive proper minimum wages or overtime compensation pursuant to the PMWA and FLSA.

66. There are questions of fact and law common to all members of the Class: All members of the Class worked as "Home and Community," "Rehabilitation," "Companion Services," or "Respite" employees for Defendant during the Class Period; all members of the Class worked from the Uniontown location; and client's homes, and all members of the Class were denied proper minimum wages and overtime compensation that should have been paid to them by Defendant.

67. Questions of fact and law common to the Class predominate over any questions affecting only individual members, as Defendant failed to pay the proper minimum wages and overtime compensation to all of its "Home and Community," "Rehabilitation," "Companion Services," or "Respite" employees in Pennsylvania during the Class Period, and the sole issue to be determined is whether Defendant's methods of payment of overtime complied with the requirements of the PMWA and FLSA.

68. A collective/class action provides a fair and efficient method for adjudication of this controversy.

69. Prosecuting this case as individual actions would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class.

70. A collective/class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

71. Members of the Class have no interest in individually controlling the prosecution of these claims, as the issues presented in this case are best determined on a group-wide basis.

72. This is an appropriate forum in which to litigate these claims on behalf of the Class because all members of the Class worked in Western Pennsylvania during the Class Period.

73. This collective/class action presents straightforward questions of law and therefore will not be difficult to manage.

74. Plaintiffs and all other putative class members are "similarly situated" as that term is defined under the FLSA.

## COUNT I: VIOLATION OF THE FLSA
### Individual and Collective Action

75. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

76. Plaintiffs and all other similarly situated employees of Defendant's Home Support Programs are employees of Defendant within the meaning of the FLSA.

77. Defendant is an employer within the meaning of the FLSA.

78. Plaintiff and all other similarly situated employees of Defendant's Home Support Programs have been compensated on an hourly and/or day rate basis.

79. Plaintiffs and all other similarly situated employees of Defendant's home Support Programs have regularly worked more than forty hours per week.

80. Defendant has not paid proper overtime compensation to Plaintiffs and all other similarly situated employees of its Home support Programs for work of more than forty hours in many workweeks.

81. Defendant has not paid any overtime compensation to Plaintiffs and all other similarly situated employees of its Home Support Programs at the proper overtime rate.

82. Defendant has failed to pay Plaintiffs and all similarly situated employees of its Home Support Programs for all their hours worked.

83. Defendant has failed to maintain accurate records of time worked for Plaintiffs and all other similarly situated employees of its Home Support Programs

84. Defendant's failure to pay overtime to Plaintiffs and all other similarly situated employees of its Home Support Programs has violated and continues to violate the FLSA.

85. Defendant's failure to pay Plaintiffs and all similarly situated employees of its Home Support Programs for all their hours worked has violated and continues to violate the FLSA.

86. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime, minimum wage, and record keeping requirements.

87. Plaintiffs and all other similarly situated employees of Defendant's Home Support Programs are entitled to recover from Defendant the minimum wages and overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

88. Plaintiff and all other similarly situated employees of its Home Support Programs are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT II: VIOLATION OF THE PMWA
## Individual and Class Action

89. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

90. Plaintiffs and all other similarly situated employees of Defendant's Home Support Programs are employees of Defendant within the meaning of the PMWA.

91. Defendant is an employer within the meaning of the PMWA.

92. Defendant's failure to pay overtime to Plaintiffs and similarly situated employees of its Home Support Programs violates the PMWA.

93. Defendant's failure to pay Plaintiffs and all similarly situated employees of its Home Support programs for all their hours worked violates the PMWA.

94. Defendant's failure to maintain accurate records of time worked for Plaintiffs and similarly situated employees of its Home Support program violates the PMWA.

95. Plaintiffs and similarly situated employees of Defendant's Home Support Programs are entitled to recover from Defendant the unpaid minimum wages and overtime pay improperly withheld by Defendant, for the past three years, plus interest, attorneys' fees, and costs pursuant to the PMWA.

## PRAYER FOR RELIEF

96. WHEREFORE, Plaintiff and all others similarly situated respectfully request that this Court:
    A. Order Defendant to pay the unpaid minimum wages and overtime compensation owed to Plaintiffs and all other similarly situated employees of Defendant's Home Support Programs;
    B. Order Defendant to pay liquidated damages to Plaintiffs and all other similarly

situated employees of Defendant's Home Support Programs;

C. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiffs and all other similarly employees of Defendant's Home Support Programs; and

D. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

/s/ John R. Linkosky, Esquire
John R. Linkosky, Esq.
JOHN LINKOSKY & ASSOCIATES
715 Washington Avenue
Carnegie, PA  15106
linklaw@comcast.net
Tel.:  (412) 278-1280
Fax:  (412) 278-1282

/s/ Joseph E. Fieschko, Jr., Esquire
Joseph E. Fieschko, Jr., Esquire
JOSEPH E. FIESCHKO, JR.  & ASSOC.
2230 Koppers Building
Pittsburgh, PA 15219
412-281-2204
FAX 412-338-9169
*Counsel for Plaintiffs
and all others similarly situated*

Dated: April 13, 2017