IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE LYNN and<br>BELINDA DARNELL, on behalf of<br>themselves and all others<br>similarly situated,<br><br>     Plaintiffs,<br><br>    v.<br><br>ARC OF FAYETTE COUNTY and<br>FAYETTE COUNTY BEHAVIORAL<br>HEALTH ADMINISTRATION,<br><br>     Defendants. | Civil Action No. 17-474<br><br>District Judge Mark R. Hornak<br>Magistrate Judge Lisa Pupo Lenihan<br><br>ECF No. 26, 41, 63, 65, 69, 72, 75 |

## MEMORANDUM ORDER

The Complaint in the above captioned case was received by the Clerk of Court on April 13, 2017, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D. Plaintiffs' Amended Complaint was filed on April 25, 2018, adding the additional defendant in this case (ECF No. 46).

The Magistrate Judge's Report and Recommendation (ECF No. 76), was filed on September 11th, 2018 and recommended as follows - that:

(a) the Motion for Partial Summary Judgment Restricted to the Issue of Whether Plaintiffs Were Employees of Defendant ARC or Independent Contractors (ECF No. 26) filed by Plaintiffs Jesse Lynn and Belinda Darnell against Defendant ARC of

Fayette County ("ARC") be **DENIED** without prejudice in light of present questions of material fact;

(b) the Motion for Summary Judgment (ECF No. 41) filed by Defendant ARC be **DENIED** without prejudice in light of present questions of material fact;

(c) the Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 63) filed by additional Defendant Fayette County Behavioral Health Administration ("FCBHA") be **DENIED** without prejudice as it is not clearly futile to afford Plaintiffs an opportunity to further amended their Complaint, and there may be questions of material fact as to the relationships between Plaintiffs and both Defendants ARC and FCBHA. FCBHA's Motion in the Alternative is premature - there having as yet been no discovery directly by or from FCBHA, which may follow Plaintiffs' sufficient statement of a claim; and

(d) the Motion to Amend Complaint in Response to Motion to Dismiss (ECF No. 69) filed by Plaintiffs be **GRANTED** in the form of an Order that Plaintiffs be directed to file a Second Amended Complaint within twenty (20) days from the date of the Court's Order on these Motions. The Court notes, however, its concurrence with Defendant FCBHA's assertion that the proposed minimally-amended Second Amended Complaint at ECF No. 69, Ex. A, is unlikely to meet the applicable standard. *See* FCBHA's Response to Plaintiff's Motion to Amend Complaint, ECF No. 71.

(e) the Motion for Reconsideration of this Court's Order on the Motion for Joinder or in the Alternative to Stay (ECF No. 65) filed by Defendant FCBHA be **DENIED** as there is no basis to alter the Court's previous holding permitting joinder (ECF No. 33)

and the Motion in the Alternative – to stay pending determinations on summary judgment - will be rendered moot by the Court's Order on the pending Motions for Summary Judgment;

(f) the Motion for Summary Judgment (ECF No. 72) recently filed by Plaintiffs against Defendant FCBHA be **DENIED** without prejudice in keeping with the Court's other rulings above; and

(g) the Motion to Strike Plaintiff's Motion For Summary Judgment (ECF No. 75) filed by FCBHA be **DENIED AS MOOT** given the Court's recommendation as to said Motion.

Service was made on all counsel of record. The parties were informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, they had fourteen (14) days to file any objections. Objections were filed to the Report and Recommendation by Defendant ARC on September 25, 2018 (ECF No. 77); Plaintiffs' Brief in Opposition to said Objections was filed October 4, 2018 (ECF No. 80). On October 1, 2018, Plaintiffs filed a Second Amended Complaint (ECF No. 79). By Order of October 10, 2018 (ECF No. 83), this Court granted the parties' Consent Motion (ECF No. 82) and Defendant FCHBA's time for filing a response to Plaintiffs' Second Amended Complaint (ECF No. 79) was extended to two (2) weeks after the Court's issuance of its Opinion on the pending Motions for Summary Judgment. After review of the pleadings and documents in the case, together with the Report and Recommendation, the Court enters the following Order.

In considering the Report and Recommendation, and the Objections thereto, this Court upon *de novo* review concludes that the Magistrate Judge gave full and appropriate consideration to the fact that the Plaintiff did not expressly controvert the moving party's Concise Statement of

Material Facts, and for all intents and purposes treated those facts as admitted for purposes of the pending Motion for Summary Judgment. Of course, even if there is no dispute as to certain facts supporting or obviating a claim or defense, the issue before the Court nonetheless remains whether the moving party is entitled to a judgment in its favor. As the Report and Recommendation itself demonstrates, there are sufficient and significant remaining issues of fact material to the disposition of the claims asserted to preclude this Court from now holding that the moving party is entitled to a judgment in its favor. *See e.g.* ECF No. 76 at 6, n. 4, at 8, n. 7, at 25, n. 27, and at 27, n. 28. The unresolved factual issues relate to, among other things, the control of the terms of service of the providers; the method and manner in which relationships between family service providers, service recipients, and the involved agency(ies) are created and transferred; the authority to engage and terminate services; the method and manner in which family service providers become eligible for assignment; the alignment and allocation of critical decision making between families and involved agencies; and the allocation of costs of essential, related services such as training, and the underwriting of the same. For these reasons, upon this Court's *de novo* consideration, it concludes that the dispositions recommended by the Magistrate Judge are correct.

The Court would also note that the references in the Report and Recommendation relative to the involvement of individualized assessments of certain matters as set out at its pages 26-27 relate at this juncture only to the disposition of the Motions now pending, and are not an express or implied disposition of matters related to the suitability of class or collective treatment of any of the claims asserted. Those matters are for disposition, if at all, at another appropriate juncture in this action. For these reasons, the Court will enter the following Order:

**AND NOW**, this 30th day of November, 2018,

**IT IS HEREBY ORDERED** that:

4

(a) the Motion for Partial Summary Judgment Restricted to the Issue of Whether Plaintiffs Were Employees of Defendant ARC or Independent Contractors (ECF No. 26) filed by Plaintiffs Jesse Lynn and Belinda Darnell against Defendant ARC of Fayette County ("ARC") is **DENIED** without prejudice in light of present genuine issues of material fact;

(b) the Motion for Summary Judgment (ECF No. 41) filed by Defendant ARC is **DENIED** without prejudice in light of present genuine issues of material fact;

(c) the Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 63) filed by additional Defendant Fayette County Behavioral Health Administration ("FCBHA") is **DENIED** without prejudice as it is not clearly futile to afford Plaintiffs opportunity to amended their Complaint to the requisite pleading standard, and there may be questions of material fact as to the relationships between Plaintiffs and both Defendants ARC and FCBHA. FCBHA's Motion in the Alternative is premature - there having as yet been no discovery directly by or from FCBHA, which may follow Plaintiffs' sufficient statement of a claim; and

(d) the Motion to Amend Complaint in Response to Motion to Dismiss (ECF No. 69) filed by Plaintiffs is **GRANTED**;

(e) the Motion for Reconsideration of this Court's Order on the Motion for Joinder or in the Alternative to Stay (ECF No. 65) filed by Defendant FCBHA is **DENIED** as there is no basis to alter the Court's previous holding permitting joinder (ECF No. 33) and the Motion in the Alternative – to stay pending determinations on summary judgment - is rendered moot by the Court's Order on the pending Motions for Summary Judgment and its afore-noted grant of the parties' Consent Motion;

(f) the Motion for Summary Judgment (ECF No. 72) recently filed by Plaintiffs against Defendant FCBHA is **DENIED** without prejudice in keeping with the Court's other rulings above; and

(g) the Motion to Strike Plaintiff's Motion For Summary Judgment (ECF No. 75) filed by FCBHA is **DENIED AS MOOT** given the Court's disposition of said Motion.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 76) of Magistrate Judge Lenihan dated September 11, 2018, as amplified hereby, is adopted as the Opinion of the Court.

Dated: November 30, 2018

_____
Mark R. Hornak
United States District Judge

Cc: All Counsel of Record
*Via ECF filing*